1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>T. TRADING LLC, et al.,<br><br>            Defendants. | CASE NO. C23-0327JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for entry of default against Defendants T. Trading LLC ("T. Trading") and Mohammad Sindhu. (Mot. (Dkt. # 9).) GS Holistic states that it served T. Trading "via Corporate Service" on April 13, 2023. (*Id.* at 2 (citing 4/14/23 Aff. (Dkt. # 8)).) In his declaration of service, GS Holistic's process server states that on April 13, 2023, "at the address of 11640 SE 196th St." in Kent, Washington, he served the summons and complaint upon "T. TRADING LLC d/b/a SEATAC SMOKE SHOP c/o MOHAMMAD SINDHU,

ORDER - 1

1  REGISTERED AGENT" by personally delivering the documents to "ANUM MOHSIN,
2  CO-RESIDENT."  (4/14/23 Aff.)

3        The court is unaware of any provision of the Federal Rules of Civil Procedure or
4  Washington law that allows for service on a limited liability company ("LLC") by
5  leaving a copy of the summons and complaint at the LLC's registered agent's residence
6  with a co-resident.  See Fed. R. Civ. P. 4; Wash. Civ. R. 4(d) (citing statutes authorizing
7  methods of service under Washington state law).  To the contrary, both federal law and
8  Washington law generally require a plaintiff to serve a business entity such as an LLC by
9  personally delivering the summons and complaint to a registered agent or certain officers
10 of the entity.  See, e.g., Fed. R. Civ. P. 4(h); RCW 4.28.080(9); RCW 23.95.450.
11 Accordingly, the court ORDERS GS Holistic to show cause, by no later than **October**
12 **24, 2023**, why the court should not deny its motion for entry of default (Dkt. # 9) for
13 failure to show that it properly served T. Trading.  If GS Holistic asserts that service on
14 T. Trading was proper, it shall cite the statute(s), rule(s), and/or case(s) that authorize this
15 method of service in its response to this order.  Failure to timely respond to this order will
16 result in the denial of the motion for entry of default.

17       Dated this 17th day of October, 2023.

                                          JAMES L. ROBART
                                          United States District Judge